HEARD *v.* KNIGHTS OF HONOR.

Opinion delivered May 21, 1892.

1. *Vendor and vendee—Defense to action for price.*

   In an action for the purchase price of land where the deed was deposited in escrow till the money should be paid, and the vendee entered into possession, he cannot resist payment on the ground that the title was encumbered, but must look to the covenants in the deed for indemnity against prior liens.

2. *Statute of frauds—How availed of.*

   The defense of the statute of frauds cannot be insisted upon on appeal where it was not set up or relied upon in the lower court.

Appeal from Conway Circuit Court in Chancery.
JEREMIAH G. WALLACE, Judge.

This was an action by the Morning Star Lodge of Knights of Honor against George M. Heard for the purchase money of a tract of land, the deed for which, as alleged in the complaint, had, in pursuance of the sale, been delivered to W. J. Stowers as an escrow, subject to the orders of Heard upon payment of the purchase money, which he agreed to pay on January 1, 1891.

Heard, in his answer, admitted that he had agreed to purchase the land, and that a deed had been prepared and delivered to Stowers, as stated. But he alleged that, at the time of making the contract, there was a legal and valid mortgage upon said land, which was duly recorded, and which is now a lien upon the land; that he had offered to pay the amount of the purchase money for the land immediately upon the satisfaction of the mortgage and accept and receive the deed; that appellee neglected and refused to remove said lien, and still refuses to do so; that for this reason, and this alone, had he refused to pay the purchase money.

The case was tried on oral testimony before the court sitting as a jury. The court, on its own motion,

after hearing the evidence and argument of counsel, transferred the case to the equity docket, and rendered a decree, reciting the facts as follows:

" Plaintiff, on the 13th day of September, 1890, sold to defendant the following described lands, situated in Conway county (describing the lands), for the sum of $828, and on same day the plaintiff executed a deed conveying said land to said defendant with the usual covenant of warranty, which deed was, by agreement of parties, deposited with W. J. Stowers in escrow to be delivered to defendant on the payment of the purchase money, which defendant verbally agreed to pay January 1, 1891. Defendant went into possession of said land, cut about forty cords of wood thereon and plowed up about three acres of said land. At the time of said purchase and sale, there was an unsatisfied mortgage of record which was *prima facie* a lien on said land, which defendant had no actual knowledge of and which he did not contemplate paying, the sum above mentioned being the full value of said land. The amount that now appears to be due upon said mortgage debt is $305; on or before the 1st of February, 1891, defendant offered to pay the amount of said purchase money to said plaintiff, less the amount of said mortgage debt; and, upon plaintiff's refusal to accept the same, defendant declined to carry out his contract to purchase the same. Upon these facts it is by the court ordered and decreed that the plaintiff do have and recover of and from the defendant the said sum of $828, and a lien is hereby declared on said land for said sum, but the execution of said judgment, to the extent of the amount of said mortgage debt, to-wit, $335, is hereby postponed until plaintiff shall procure the legal satisfaction of the same, whereupon said amount shall be due and payable and its payment may be enforced, as hereinafter provided, for the residue of this decree. It is further ordered and decreed that if the sum of $495, with

six per cent interest from January 1, 1891, be not paid within twenty days, said land may be sold."

Costs were adjudged against the plaintiff. Defendant appealed, and plaintiff has taken a cross-appeal.

*Moose & Reid* for appellant.

1. Appellant should not be compelled to accept an encumbered title, pay the purchase price and be compelled to trust to a suit to recover on the warranty in the deed. The contract was executory, and the Lodge could not have specific performance, without performing its part of the contract, and convey a good title. 14 S. W. 864; Suth. on Dam. 192, *et seq.* : 2 Eng. 153; 21 Ark. 235; 23 *id.* 582; *ib.* 639; 38 *id.* 128; 44 *id.* 145, 192; 19 Vesey, 220; Waterman, Sp. Perf. secs. 502, *et seq.* : 13 Ves. 81; 38 Ark. 31; 104 Mass. 407; 21 Barb. 381; 45 Ark. 17.

2. The contract for sale was verbal and within the statute of frauds. Pom. Sp. Perf. sec. 30; Fry on Sp. Perf. secs. 384, 388; 1 Ark. 391; Waterman, Sp. Perf. sec. 260; 6 Barb. 98; Wood, St. Frauds, sec. 482.

*Ratcliffe & Fletcher* for appellee.

1. The contract was executed. On payment of the purchase money the deed would take effect without delivery. 3 Wash. Real Pr. (4th ed.), pp. 299, 303-4; 14 Ohio, 308; 63 Am. Dec. 241; 17 Ga. 267; 11 Ark. 75; 22 *id.* 284; *ib.* 435. In case of defect of title, the remedy is at law on the covenants in the deed. 21 Ark. 588-9; 40 Ark. 422; 47 Ark. 293.

2. The mortgage was of record, and defendant can not now be heard to plead want of knowledge or to ask relief by reason of a supposed defect of title. 47 Ark. 339; *ib.* 164; 46 *id.* 347; 27 *id.* 250; 26 *id.* 30.

3. Appellant is in no condition to offer to rescind. He does not offer to surrender possession or pay for the wood cut or for rent. 15 Ark. 286; 20 *id.* 438; 17 *id.* 603; 25 *id.* 204; 30 *id.* 545-6; 2 Suth. Dam. 202-3; 41

Barb. 420 ; 26 Wis. 585. But if he had offered to rescind, this is not a case for rescission. It is only a case of partial failure of consideration, easily compensated in damages. 26 Ark. 314 ; 13 *id.* 522 ; 2 Suth. Dam. 203.

4. Appellant gained all he contended for, and has no reason to complain.

5. The question of the statute of frauds was not raised nor relied on below. When the deed was executed and delivered as an escrow, this was sufficient. 42 Wis. 437 ; Wood, St. Fr. p. 338. A purchaser in possession cannot plead the statute of frauds. Wood, St. Fr. sec. 237 ; 2 Suth. Dam. 204 ; 5 Porter, 94.

**1. Defense to action for price of land.**
HEMINGWAY, J. The defendant admitted in his answer that he contracted to buy the land at the price claimed in the complaint, and the only ground relied upon to defeat a recovery was that the plaintiff's title was encumbered. In our opinion the defense is unavailing. When the contract was made, the plaintiff prepared and tendered a deed which the defendant agreed to accept, and which, under the contract, was deposited as an escrow, beyond plaintiff's control, to be delivered to the defendant when he paid the stipulated price. The plaintiff satisfied the terms of the contract when he made the escrow, and the defendant was bound to pay the stipulated price for the title it passed ; the contract was so far executed that the defendant entered into possession and used and enjoyed the land, and the only thing needed to complete its execution was the payment of the purchase money, whereby the escrow would become operative as a deed. Such being the case, the defendant cannot refuse to comply with his part of the contract merely because the deed would pass an encumbered title. If he wished a title free from encumbrances, he should have satisfied himself in that regard before he approved the escrow and took possession of the land ; having taken possession and agreed to pay for that deed, he is

liable upon his promise, and must look to the covenants of the deed for indemnity against prior liens. He certainly has no cause to complain of the decree which postpones, *pro tanto*, the collection of the price until the lien is satisfied.

He argues here that no recovery can be had because the contract was within the statute of frauds. That defense was not set up or in any way relied upon below; the answer admitted that the contract was made, and sought to avoid payment only because there was a defect in plaintiff's title. That precludes a reliance upon the statute of frauds here, and relieves us of the necessity of considering the questions urged with reference to it.

*2. Statute of frauds should be pleaded.*

Affirm.