GARRETSON *v.* WHITE.

Opinion delivered November 2, 1901.

MORTGAGEE IN POSSESSION—WHEN TITLE QUIETED.—Where a mortgagee of land was placed in possession under an agreement that he would satisfy the mortgage and note. if the mortgagor would release his interest in the land, and subsequently, but before executing the release to such mortgagee, the mortgagor executed a second mortgage to another, who brought suit to foreclose his mortgage after the remedies upon the senior mortgage were barred, the senior mortgagee is entitled to a decree quieting his title.

Appeal from Jefferson Chancery Court.

JOHN M. ELLIOTT, Chancellor.

*D. H. Rousseau,* for appellant.

The agreement between appellant and the mortgagor as to the release of the equity of redemption was valid and binding. 52 Ark. 207. The mortgagor must plead and prove that the mortgaged property is his homestead, in order to be entitled to the benefit of the formalities necessary to a transfer thereof. 53 Ark. 182; 55 Ark. 139; 57 Ark. 179.

BATTLE, J. H. King White and W. G. Streett brought an action on the 11th day of October, 1898, to foreclose a mortgage that Moses Crawford and wife executed to them on the 11th day of January, 1894, to secure the payment of a note for $100. The property mortgaged was certain land described in their complaint.

Mrs. Kate S. Garretson, one of the defendants, filed a separate answer and cross-complaint, alleging that Crawford, on the 9th day of February, 1889, executed to her a prior deed of mortgage on the same land to secure the payment of a note of that date for $662.50 and 10 per cent. per annum interest thereon from date until paid; that this mortgage was recorded in the recorder's office of Jefferson county, where the land lies, on the 26th of February, 1889; that Crawford, on the 24th of December, 1893, was unable to pay any part of the debt and interest; that she agreed with him that, if he would deliver the possession of the land, and release his interest therein to her, she would satisfy her mortgage and note, and deliver them to him; that Crawford, pursuant to this agreement, delivered the possession of the land on the 1st day of January, 1894, and she thereafter rented and used it as her own until the commencement of this suit; that Crawford and wife executed the deed agreed upon on the 1st day of January, 1897, having failed, through mere neglect, to do so on an earlier day; that thereupon she cancelled the note and mortgage, and delivered them to Crawford; and that she knew nothing of the plaintiff's mortgage at the time of such delivery. She asked that the mortgage executed by Crawford to the plaintiffs be cancelled, and that her title be quieted.

The allegations in the answer and cross-complaint were substantially sustained by the evidence.

The court found that the land in controversy was, on the 9th day of February, 1889, the homestead of Crawford and his wife; that on that day he executed to Mrs. Garretson a mortgage on

the same to secure a note for $666, but his wife did not join in its execution and acknowledgment; that he and his wife, on the 11th of January, 1894, executed and delivered to plaintiffs a mortgage on the same land to secure a note for $100, the wife relinquishing her dower and homestead therein and acknowledging the deed; that on the 1st day of January, 1897, Crawford and wife executed a deed to Mrs Garretson, and thereby conveyed the land to her, and the wife thereby relinquished her dower and homestead; that the mortgage executed to Mrs. Garretson, being upon his homestead, was void and passed no title; that the mortgage executed to White and Streett on the 11th of January, 1894, "is a valid and subsisting lien upon the property" therein described; and that there was due thereon the sum of $153.35; and rendered judgment in favor of the plaintiffs for the amount so found due, and ordered the land to be sold to pay the same; and Mrs. Garretson appealed.

We fail to find in the record before us any evidence showing that the land in controversy constituted the homestead of Moses Crawford at the time he executed the mortgage to Mrs. Garretson, or that he was a married man at that time; and, if there was, the defects in the execution and acknowledgment of the mortgage were cured by a subsequent act of the legislature. Sand. & H. Dig., § 743.

The evidence shows that the mortgagor, Moses Crawford, being unable to pay the debt secured by the mortgage that he executed to Mrs. Garretson, agreed to release to her his interest in the land, in consideration of her agreement to cancel his mortgage and note, and in December, 1893, delivered to her the possession of the land. On or about the 1st day of January, 1897, he performed his contract by conveying the land to her, and his wife relinquished her dower in the same, and Mrs. Garretson cancelled the mortgage and note. Both parties to the agreement have treated it as valid, and Mrs. Garretson has remained in adverse possession under the agreement until her remedies upon the mortgage or note were barred by the statute of limitations. No one has taken advantage of, or pleaded, the statutes of fraud. On the contrary, Moses Crawford and Mrs. Garretson have fully performed their agreement; and appellees did not attack its validity. Under these circumstances, we think that Mrs. Garretson is entitled to the land. *Guynn* v. *McCauley,* 32 Ark. 97; *Heard* v. *Knights of Honor,* 56 Ark. 263; *Bazemore* v. *Mullins,* 52 Ark. 207.

The decree of the chancery court is therefore reversed, and the cause is remanded, with instructions to the court to enter a decree in favor of Mrs. Garretson, quieting her title to the land as against the mortgage executed by Moses Crawford to the appellees.